{¶ 47} On this appeal from a conviction and sentencing order entered by Judge Jose A. Villanueva, I concur in the majority's opinion with respect to assignments of error one through five, but respectfully dissent on the sentencing challenge in assignment six. In imposing consecutive sentences, the judge stated:
"I'm going to merge the gun spec., but I am going to order that thesentence be served consecutively.
 Again, it is clear to me that you were shooting at Mr. White. Now hedidn't choose to appear, and I have my suspicions about that, just as hasbeen intimated, and Mr. White perhaps had some role in precipitatingthese activities or your actions, but it is clear that you were shootingat him, and it is clear that from the circumstances presented at trial,that you also put this officer in great personal danger. I think thatconsecutive sentences are appropriate. I think that they are appropriateto punish you and to protect the public.
 You have served a prison sentence in the past. I think your history ofcriminal conduct suggests that you are going to continue to use drugs,that you are going to continue to engage in bad and destructivebehavior.
 For that reason, I'm imposing consecutive sentences on those two countsof this."
 {¶ 48} R.C. 2929.14(E)(4) states that a judge must make certain findings before imposing consecutive sentences, including: (1) that such sentences are necessary to protect the public from future crime or to punish the offender; (2) that the sentences are not disproportionate to the seriousness of the conduct; (3) that the sentences are not disproportionate to the offender's danger to the public; and (4) either: (a) the offense was committed while the offender was subject to other criminal proceedings or sanctions; (b) the harm caused was "so great or unusual" that no single prison term would be adequate; or (c) the offender's criminal history demonstrates the need for consecutive sentences. In addition, the judge must give reasons in support of those findings.[16]
 {¶ 49} Although the record indicates that the judge could have made findings supporting consecutive sentences, the statute requires more. Even though a judge is not required to use "magic words" when making findings,[17] the findings must actually be made at sentencing, not merely implied or shown capable of being found. In State v.Edmonson,[18] the Ohio Supreme Court stated that a judge's remarks qualify as findings only when the judge expressly states that he "has considered the statutory criteria and specifies which of the given bases warrants [his] decision * * *."[19] The opinion noted that the statutory scheme emphasized the judge's need to specify his findings,[20]
and thus the Edmonson court concluded that remarks implying particular findings did not satisfy statutory requirements. It is not enough that the judge's remarks "might be argued to support a finding * * *";[21]
the judge must actually consider, make, and specify his findings.
 {¶ 50} The judge's findings here do not expressly recognize and specify all those required under R.C. 2929.14(E)(4), particularly the proportionality findings that the majority asserts are present. The majority's conclusion allows vague implication to substitute for express specification and is thus contrary to the statutory interpretation inEdmonson as well as to R.C. 2901.04, which requires that all criminal statutes, including those concerning "penalties," be liberally construed in favor of defendants.[22] Moreover, statutory sentencing requirements are intended to do more than impose a burden upon judges; they are designed to approach a more balanced sentencing among all defendants, in part by ensuring that judges recognize and consider relevant factors prior to sentencing each defendant.[23]
 {¶ 51} Ensuring proper consideration and liberal construction is even more important here because the sentencing statutes also express a policy disfavoring both maximum and consecutive sentences.[24] The requirement of specific findings helps ensure the proper application of this policy, as well as that of reaching balanced sentences, by forcing judges to confront issues directly and by creating a record for review that is, to a large extent, capable of assessment upon objective standards. Although subjective considerations cannot and should not be removed from judging, it is the objective structure that allows those considerations to be applied and reviewed in a manner leading to fairness, both individually and categorically. Until the statutory scheme is specifically applied and enforced, its purpose cannot be attained.
 {¶ 52} Therefore, although I concur in the judgment affirming the verdict, I would sustain the sixth assignment of error and remand for resentencing.
[16] R.C. 2929.19(B)(2)(c).
[17] State v. Ohler, Cuyahoga App. No. 79740, 2002-Ohio-3899, at ¶ 23.
[18] 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
[19] Id. at 326.
[20] Id. at 326-327.
[21] Id. at 328.
[22] R.C. 2901.04(A).
[23] R.C. 2929.11.
[24] Edmonson, 86 Ohio St.3d at 328.